The Honorable Michael Hamby City Attorney City of Greenwood Highway 10, Spur West 1405 W. Center, 3rd Floor Greenwood, AR 72936
Dear Mr. Hamby:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B)(i) (Supp. 2005), for an opinion concerning the release of records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2005). You state that the City of Greenwood has received a FOIA request for copies of correspondence to and from the city regarding garnishment of a particular individual's salary. You report that the individual believes the information is exempt under A.C.A. § 25-19-105(b)(12) (concerning "personnel records"), and you express your uncertainty on the issue.
RESPONSE
As an initial matter, I must note that I will be limited to discussing what I anticipate are the guiding legal principles for determining whether the requested records are exempt from disclosure under the FOIA. This necessarily follows from the apparent absence of an independent determination in this instance concerning the release of records. I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). Where there has been no such a determination, I am limited to addressing the general surrounding principles.
Under the FOIA, "public records" must be disclosed unless they are exempt from disclosure either under an exemption provided in the FOIA itself, or an exemption provided by some other law. A.C.A. §25-19-105(a) (Supp. 2005). The FOIA defines "public records" as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005).
It must therefore initially be determined whether the requested correspondence is a "public record" under this definition. As several of my predecessors have observed, this Code section establishes a presumption of public record status for "records maintained in public offices or by public employees within the scope of their employment . . . [,]" which presumption can be rebutted if the records do not otherwise fall within the definition found in the first sentence, i.e., if they do not "constitute a record of the performance or lack of performance of official functions. . . ." See
Op. Att'y Gen. 2005-139 (and opinions cited therein). The custodian has the burden of establishing that a record's presumptive "public records" status is overcome. Id.
I have not been provided with the actual correspondence at issue. Nor have I been apprised of any particular circumstances surrounding the creation of, or otherwise pertaining to, the requested records. Because it reportedly concerns garnishing a salary, however, I note the possibility that the correspondence relates to garnishment proceedings and the city's obligation, as employer, to satisfy writs of garnishment.See, e.g., A.C.A. § 16-110-413 (Repl. 2006) (regarding a writ of garnishment of salary or wages); A.C.A. § 9-14-502 (Repl. 2002) (garnishment of wares or salary by the Office of Child Support Enforcement in connection with health care coverage). In my opinion, correspondence to or from the city in such a matter falls within the above definition of "public records."
The question therefore likely focuses on whether any exemption applies to prevent release of the correspondence. In this regard, my research has disclosed no express statutory exemption mentioning correspondence concerning garnishments. Accordingly, the issue in my opinion centers on the exemption for "personnel records," codified at A.C.A. §25-19-105(b)(12) (Supp. 2005). Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (not at issue in this opinion) that relate to the individual employee. See, e.g., Op. Att'y Gen. 2005-032 (and opinions cited therein).
Subsection 25-19-105(b)(12) exempts personnel records "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." I have summarized the test for determining the release of personnel records under this exemption as follows:
 The FOIA . . . does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
 * * *
 The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2003-336; 2003-201; 2001-101; 98-001.
Op. Att'y Gen. 2004-260 at 2.
Additionally, with regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley, supra, 332 Ark. at 311. Determining whether a viable privacy interest exists requires an objective analysis and the fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Op. Att'y Gen. Nos. 2005-202; 2005-057; 2001-112; 2001-022; 1994-198; 1994-178; and 1993-055.
With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department of Defense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." 332 Ark. at 312, quoting FLRA at 497.
Turning to the application of the A.C.A. § 25-19-105(b)(12) balancing test to correspondence regarding garnishing a salary, I note that there may well be some public interest in knowing whether the city has properly complied with statutory requirements in connection with a garnishment. However, I also note that the correspondence may contain highly personal information, such as the amount(s) garnished and the circumstances surrounding the garnishment, the release of which could cause embarrassment, disgrace, or other debilitating personal consequences. In that case, assuming that the noted general public interest in the garnishment is the only competing interest to be balanced against the substantial privacy interest in records revealing this type of information, I believe the individual's privacy interest will likely prevail. Although records related to salary of public officials and employees ordinarily are subject to disclosure (see Op. Att'y Gen. 2005-194, regarding bonuses, career service, holiday and sick pay), this office has repeatedly opined that it would be inappropriate to release documents containing intimate financial details. Id. (and opinions cited therein).
I cannot speculate further regarding the competing interests or the balancing test. There may be other relevant factors to consider. Ultimately, the disclosability of the requested correspondence will depend entirely upon the specific nature of each such record. I can offer no further opinion other than that you should apply the standard set forth above in determining what, if any, of the documents should be disclosed.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General